### F. P. MILLER v. THE STATE.

*No. 594.   Decided April 24.*

**1. Warrant for the Execution of the Death Penalty Suspended, and Another Issued, When.**—Article 803, Code of Criminal Procedure, provides, that when from any cause a warrant for the execution of the death penalty can not be executed, the sheriff shall return the warrant to the clerk who issued it, indorsing the reasons for its nonexecution, and at the same time make report in writing of the fact to the judge of the District Court having jurisdiction, together with the reason of its

nonexecution; whereupon it is the duty of the judge to fix another time for the execution of the sentence, and issue a written order to the clerk directing him to issue another warrant for the execution of the sentence, etc., and the execution of such warrant shall proceed as in the first instance.

2. Same—Jurisdiction—Change of Courts Pending an Appeal—Statute Construed.—Appellant having been convicted of murder of the first degree, with the death penalty, appealed to the Court of Criminal Appeals, and the judgment was affirmed, mandate issued, and sentence pronounced in the trial court, from which he sued out a writ of error to the Supreme Court of the United States. Pending this writ of error, the Criminal District Court was established in the county to exercise all criminal jurisdiction theretofore vested in the District Courts. The second section of said act provides: "From and after the time this act shall take effect, the District Courts of Dallas County shall cease to have and exercise any criminal jurisdiction; provided, however, that if there shall be any criminal case on trial in such courts when this act shall go into effect, such District Courts shall retain jurisdiction of such cases until such trial shall be concluded, and until appeal therein shall be perfected, if an appeal shall be taken therein; and provided further, that nothing in this act shall affect the jurisdiction of the District Courts of Dallas County to pronounce sentence in any criminal cases heretofore tried in such court, or shall be on trial, when this act goes into effect." Gen. Laws 23rd Leg. (1893), p. 118, sec. 2. *Held*, under this provision of the statute, upon the facts stated, the judge of the District Court in which the case was tried retained jurisdiction, and was the proper officer to reset the time of execution of the sentence, as provided by article 803, Code of Criminal Procedure.

APPEAL from the District Court of Dallas. Tried below before Hon. EDWARD GRAY.

This is the second time this case has been before the Court of Criminal Appeals. The judgment of conviction for murder of the first degree, with the death penalty, was affirmed on the former appeal (Miller v. The State, 32 Texas Criminal Reports, 319), and a very full statement of the evidence will be found in that case.

The matters pertaining to a presentation of the case a second time before the Court of Criminal Appeals are fully stated in the opinion, and no additional statement is required.

*Seay & Muse* and *Henry Crawford,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Miller was convicted of murder of the first degree, receiving the death penalty. This conviction was had in the District Court of the Forty-fourth Judicial District, in Dallas County. Miller appealed to this court, and the judgment was affirmed. 32 Texas Crim. Rep., 319. The mandate was sent down to the court in which the conviction was obtained, and the judge of that court pronounced sentence. The cause was, by writ of error, taken to the Supreme Court of the United States; and, upon motion, the writ of error was dismissed (14 United States Supreme Court, 874), and the cause remanded to this court (Criminal Appeals) for further proceedings. The

clerk of this court, advised thereto by the writer, but without any order of this court, sent a mandate to the Criminal District Court of Dallas County; whereupon Miller appealed to Judge Gray, who was district judge of the District Court of the Forty-fourth Judicial District, by habeas corpus, for an order restraining the sheriff of Dallas County from executing said sentence, upon the ground that the Criminal District Court of Dallas County had no jurisdiction to make any orders in the case. Upon a hearing, the order was granted. The Assistant Attorney-General filed a motion before this court, the object of which is to obtain the opinion of this court as to what court has jurisdiction to reset the time for the execution of Miller.

When the judge of the Forty-fourth Judicial District sentenced Miller, the statute creating the Criminal District Court for Dallas County had not gone into effect, and hence that court had jurisdiction to pronounce the sentence. But while this case was pending before the Supreme Court of the United States, said act went into effect. The writ of error to the Supreme Court suspended the execution of the sentence; and now, under the above state of case, the question presented for our decision is, what court has jurisdiction to reset the time for the execution? See article 803, Code of Criminal Procedure. A correct answer to this question requires a construction of the act, or certain sections thereof, creating the Criminal District Court of Dallas County.

Sections 1 and 2 of the Laws of 1893 are the only ones which bear upon the subject, and are as follows:

"Section 1. Be it enacted by the Legislature of the State of Texas: That there is hereby created and established at the city of Dallas a Criminal District Court, which shall have and exercise all the criminal jurisdiction now vested in and exercised by the District Courts of Dallas County. All appeals from the judgments of said court shall be to the Court of Criminal Appeals, under the same regulations as are now or may hereafter be provided by law for appeals in criminal cases of District Courts.

"Sec. 2. From and after the time when this act shall take effect the District Courts of Dallas County shall cease to have and exercise any criminal jurisdiction; provided, however, that if there shall be any criminal case upon trial in either of the District Courts of Dallas County when this act shall go into effect, such District Court shall retain jurisdiction of such cases until such trial shall be concluded, and until appeal therein shall be perfected, if an appeal shall be taken therein; and provided, further, that nothing in this act shall affect the jurisdiction of the District Courts of Dallas County to pronounce sentence in any criminal cases heretofore tried in such court, or shall be on trial when this act goes into effect."

After a thorough examination of these sections, we are of the opinion that the District Court of the Forty-fourth Judicial District still retains jurisdiction over this case for the purpose of making the time of the execution. The first proviso of section 2 refers to cases upon

trial when this act goes into effect, retaining the jurisdiction in the court trying the case until the trial is ended and the appeal perfected, if an appeal is desired. The second proviso retains jurisdiction of the District Court in which the case is pending to pronounce sentence in the case then on trial, if the accused should be convicted of an offense requiring a sentence. It also retains jurisdiction in said court to pronounce sentence in any case which had been tried in said court, without regard to the time when the trial took place, if sentence was required. In this case, the sentence had been pronounced by the judge who tried the case, in the same court in which he had been tried. Now, then, if the judge of the District Court of the Forty-fourth Judicial District could pronounce sentence on Miller because "the case had been heretofore tried in that court," with much stronger reason has he jurisdiction to reset the time of the execution, as provided for in article 803, Code of Criminal Procedure.

The clerk of the Court of Criminal Appeals at Dallas will issue his mandate to the District Court of the Forty-fourth Judicial District.

Judges all present and concurring.